# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

Nº 10-CV-1971 (JFB) (AKT)
_____

RONALD MOSCHETTO

Plaintiff,

VERSUS

NASSAU COUNTY SHERIFF, ET AL.,

Defendants.

_____

MEMORANDUM AND ORDER
June 16, 2011
_____

Joseph F. Bianco, District Judge:

*Pro se* plaintiff Ronald Moschetto ("plaintiff" or "Moschetto") brings this action pursuant to 42 U.S.C. § 1983 against defendants Michael Sposato, Acting Nassau County Sheriff ("defendant" or "Sposato"), the Nassau University Medical Center Correctional Medical Staff, Dr. Divine, Dr. Kupec, and Medical Director Okonta (collectively "defendants"), alleging that defendants violated his Eighth Amendment rights by acting with deliberate indifference to plaintiff's serious medical needs while he was incarcerated at the Nassau County Correctional Center ("NCCC"). Defendant Sposato has moved to dismiss plaintiff's claim against him pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Specifically, defendant contends, *inter alia*, that plaintiff has failed to allege that Sposato was personally involved in the alleged constitutional allegations and, thus, has failed to state a claim under § 1983. Also before this Court is plaintiff's request to amend his Complaint to add Nassau County Care Corporation, Nassau University Medical Center, and certain individuals as defendants in this action.

For the reasons set forth herein, the Court grants defendant's motion to dismiss. However, the dismissal of plaintiff's claim against Sposato is without prejudice, and the Court will grant plaintiff leave to re-plead his claim to attempt to correct his pleading defects. The Court also grants plaintiff's request to amend his Complaint to add additional defendants, but cautions plaintiff that, to the extent he seeks to add new defendants, he must set forth specific, detailed allegations in his Amended Complaint regarding the personal involvement of each of those defendants in the constitutional violations alleged here.

1

## I. BACKGROUND

### A. Facts

The following facts are taken from the Complaint and are not findings of fact by the Court. Instead, the Court assumes these facts to be true for purposes of deciding the pending motion to dismiss and will construe them in a light most favorable to plaintiff, the non-moving party.

On or about May 18, 2009, plaintiff complained to the doctors at the NCCC about three herniated disks in his lower back and requested a consultation from an orthopedic doctor and pain medication to treat pain in his neck from a prior surgery. (Compl. at 5.) On this same date, plaintiff was going through heroin withdrawal and claims that the jail refused to provide him with methadone. (*Id.* at 4.) On October 15, 2009, Dr. Divine allegedly would not renew plaintiff's medication and "rudely told [plaintiff] to sue her." (*Id.* at 5.) Likewise, on October 20, 2009, plaintiff went to "sick call" where Dr. Kupec allegedly would not renew plaintiff's medication and told plaintiff "if I did not sto[p] complaining that he would stop my medication in it's [sic] entirety." (*Id.*) According to plaintiff, the "director and the doctors" again refused to renew his pain medication on February 8, 2010, and on February 11, 2010, plaintiff missed a medical appointment "due to this facility's negligence." (*Id.* at 4-5.) The doctors at NCCC allegedly continued to reduce or refuse to renew plaintiff's medication through April 2010. (*Id.* at 4.)

Plaintiff further alleges that he filed ten greivances regarding his medical treatment and wrote numerous letters to "the Sheriff" but never received any response. (*Id.* at 2.)

### B. Procedural History

Plaintiff filed his Complaint in this action on April 30, 2010. By letter filed on September 22, 2010, plaintiff requested leave to amend his Complaint to add additional defendants. On September 23, 2010, in response to a request from defendant Sposato for a pre-motion conference in anticipation of filing a motion to dismiss, the Court waived the pre-motion conference requirement and set a briefing schedule for defendant's motion to dismiss. Sposato filed his motion to dismiss in accordance with this briefing schedule on October 25, 2010. On November 15, 2010, plaintiff filed a written narrative statement detailing his claims. However, plaintiff did not file any opposition to Sposato's motion to dismiss. On December 13, 2010, defendant requested that the Court grant his motion as unopposed. Finally, on January 11, 2011, defendants Divine, Kupec, and Okonta filed a letter opposing plaintiff's request for leave to amend on the ground that plaintiff did not attach a proposed amended complaint to his request.

## II. STANDARD OF REVIEW

When a Court reviews a motion to dismiss for failure to state a claim for which relief can be granted, it must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of

specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court recently clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. --- U.S. ----, 129 S. Ct. 1937 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949 (internal citations omitted) (quoting and citing *Twombly*, 550 U.S. at 556-57).

Where, as here, the plaintiff is proceeding *pro se*, courts are obliged to construe the plaintiff's pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Nonetheless, even though the Court construes a *pro se* complaint liberally, the complaint must still "'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)

(applying *Twombly* and *Iqbal* to *pro se* complaint).

III. DISCUSSION[1]

As noted *supra*, plaintiff has brought his claims pursuant to 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). To prevail on a claim under § 1983, a plaintiff must prove that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." *Snider v. Dylag*, 188 F.3d 51, 53 (2d Cir. 1999) (citation omitted). In addition, "a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983."[2] *Patterson v. Cnty. of Oneida*, 375

---

[1] Although plaintiff failed to file any opposition to defendant's motion, the Court declines to grant the motion solely on the ground that it is unopposed and, instead, has analyzed the merits of plaintiff's claims. For the reasons set forth herein, the Court finds that plaintiff has failed to state a claim against Sposato under § 1983, and plaintiff's claim against Sposato therefore is dismissed without prejudice.

[2] The Court notes that it does not appear that plaintiff is seeking to sue defendant Sposato in his official capacity. In fact, plaintiff has not even named the County of Nassau as a defendant in this case. In any event, to the extent that plaintiff is attempting to assert a claim against the County, plaintiff has failed to set forth specific allegations against Sposato or any other official of the County sufficient to state a claim for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658

3

F.3d 206, 229 (2d Cir. 2004); *see Iqbal*, 129 S.Ct. at 1948 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987) ("Absent some personal involvement by [a defendant] in the allegedly unlawful conduct of his subordinates, he cannot be held liable under section 1983."). "It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (internal quotation marks and citations omitted).

Here, plaintiff's sole allegation concerning Sposato is a one-sentence claim that plaintiff "wrote to the Sheriff on numerous occassions [sic]" regarding his grievances. (Compl. ¶ II.F.1.) Even assuming *arguendo* that this allegation is true, a claim that plaintiff wrote to Sposato regarding his medical treatment and that, presumably, Sposato took no steps to rectify the situation and ignored plaintiff's complaints is insufficient to state a claim against Sposato under § 1983. *See Hill v. Chalanor*, No. 06-cv-438, 2009 WL 6315325, at *11 (N.D.N.Y. June 8, 2009), *Report and Recommendation Adopted by* 2010 WL 1257930 (Mar. 25, 2010) ("A prisoner's allegation that a supervisory official failed to respond to a grievance is insufficient to establish that the official 'failed to remedy that violation after learning of it through a report or appeal' or 'exhibited deliberate indifference . . . by failing to act on information indicating that the violation was occurring.'" (quoting *Rivera v. Goord*, 119 F. Supp. 2d 327, 344-45 (S.D.N.Y. 2000))); *Ramos v. Artuz*, No. 00-cv-0149, 2001 WL 840131, at *7-8 (S.D.N.Y. July 25, 2001) (noting that "[d]istrict courts have generally been reluctant to find personal involvement sufficient to support liability where a prison official's involvement is limited to the receipt of a prisoner's letters or complaints" and dismissing complaint as to Superintendent of facility where sole allegation was that defendant received plaintiff's letters complaining of inadequate medical care); *Watson v. McGinnis*, 964 F. Supp. 127, 130 (S.D.N.Y. 1997) ("[E]ven if [defendants] had ignored [plaintiff's] letter, that would not be sufficient to establish supervisory liability. The law is clear that allegations that an official ignored a prisoner's letter are insufficient to establish liability."); *Greenwaldt v. Coughlin*, No. 93 Civ. 6551 (LAP), 1995 WL 232736, at *4 (S.D.N.Y. Apr. 19, 1995) ("[I]t is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations.").

---

(1978). *See Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) ("To hold a municipality liable in such an action, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. . . . [T]he mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." (internal quotation marks, citations, and alterations omitted)). If plaintiff wishes to assert a claim against the County, he must explicitly name the County as a defendant in his Amended Complaint and must provide detailed allegations regarding the municipal policy or custom that he claims was violated and how that policy caused plaintiff to be subjected to a denial of his constitutional rights.

4

Thus, the Court finds that plaintiff's single allegation that he sent letters to Sposato—with no allegations regarding what the contents of the letters were or whether Sposato personally investigated or acted upon the letters—is insufficient to state a claim for § 1983 liability against Sposato and, accordingly, plaintiff's claim against Sposato must be dismissed. *See, e.g.*, *Dove v. Harder*, No. 09-cv-259, 2010 WL 3785787, at *5 (N.D.N.Y. Aug. 19, 2010), *Report and Recommendation Adopted by* 2010 WL 3765853 (Sept. 20, 2010) ("[R]eceipt of a letter, without personally investigating or acting on the letter or grievance, is insufficient to establish personal involvement. Moreover, delegating the responsibility to other officers, as [the defendant sheriff] indicated he did, to handle the situations identified in the correspondence is completely reasonable and also insufficient to establish personal involvement."); *cf. Bodie v. Morgenthau*, 342 F. Supp. 2d 193, 203 (S.D.N.Y. 2004) ("While mere receipt of a letter from a prisoner is insufficient to establish individual liability . . . . [p]ersonal involvement will be found . . . where a supervisory official receives and acts on a prisoner's grievance or otherwise reviews and responds to a prisoner's complaint. The Complaint offers no claims that imply a nexus between allegedly unconstitutional acts and defendant Travis. [Plaintiff] merely alleges that he transmitted a letter to Travis. There is no allegation that [plaintiff] told Travis that he was harmed by conduct that violated the U.S. Constitution. The existence of this single letter of November 9, 1998 is insufficient to survive a Rule 12 motion under *Colon*. Similarly, [plaintiff's] claim against Goord does not indicate a nexus between any unconstitutional acts and defendant Goord. There is no claim that the letters [plaintiff] sent Goord on May 15, May 25, and June 16, 2002 notified Goord of any violation of federal law or the U.S. Constitution. . . . Because [plaintiff] fails to allege that he alerted these two defendants of actions barred by the Constitution or federal law, he fails to state a claim that they were involved in conduct barred by section 1983." (internal quotation marks and citations omitted)).

However, the Court will provide plaintiff, who is proceeding *pro se*, with leave to re-plead his § 1983 claim against Sposato. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (internal quotation marks omitted)). In his Amended Complaint, plaintiff must address the pleading defects discussed herein and must set forth specific, detailed allegations regarding Sposato's personal involvement in the constitutional violations alleged here.

As to plaintiff's request to amend his complaint to name additional defendants, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Motions for leave to amend should be denied only for reasons such as undue delay, bad faith, futility of the amendment, or prejudice to the other party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005). Defendants Divine, Kupec, and Okonta object to plaintiff's motion on the ground that plaintiff did not attach a proposed amended complaint to his request. However, given the circumstances—including, *inter alia*, the early stage of the litigation, plaintiff's *pro se* status, and the fact that he may be amending to re-state his claim against Sposato—the Court, in its

5

discretion, grants plaintiff's request to amend his Complaint to add certain specified defendants. However, the Court cautions plaintiff that he must provide specific, detailed allegations regarding the personal involvement of each of the defendants whom he seeks to name in his Amended Complaint.[3]

---

[3] Sposato also argues that plaintiff's Complaint should be dismissed for failure to allege exhaustion of administrative remedies. Under the Prison Litigation Reform Act, exhaustion is required only with respect to "such administrative remedies as are available." *See* 42 U.S.C. § 1997e(a). Therefore, in order to determine whether plaintiff exhausted his administrative remedies, the Court "must first establish from a legally sufficient source that an administrative remedy is applicable and that the particular complaint does not fall within an exception. Courts should be careful to look at the applicable set of grievance procedures, whether city, state or federal." *Mojias v. Johnson*, 351 F.3d 606, 610 (2d Cir. 2003) (internal citations omitted); *see also Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (holding that, when considering exhaustion, courts must "look at the state prison procedures and the prisoner's grievance to determine whether the prisoner has complied with those procedures" (citations omitted)). "Whether an administrative remedy was available to a prisoner in a particular prison or prison system, and whether such remedy was applicable to the grievance underlying the prisoner's suit, are not questions of fact. They either are, or inevitably contain, questions of law." *See Snider v. Melindez*, 199 F.3d 108, 113-14 (2d Cir. 1999) (footnote omitted). However, "the existence of the procedure may be a matter of fact." *Id.* at 114. In his Complaint, plaintiff has alleged that he filed ten grievances through the NCCC grievance procedures. (Compl. ¶ II.A-C.) Construing the allegations in the Complaint and drawing all reasonable inferences in plaintiff's favor, as the Court must on a motion to dismiss, the Court cannot conclude on this record that plaintiff had an available administrative remedy that he failed to exhaust. Thus, defendant's motion to dismiss for failure to allege exhaustion is dismissed without prejudice to renewal at a later stage in the litigation.

## IV. CONCLUSION

For the foregoing reasons, defendant Sposato's motion to dismiss the claim against him is granted. However, the dismissal is without prejudice, and the Court provides plaintiff with leave to re-plead his claim against Sposato. Furthermore, the Court grants plaintiff's request to amend his Complaint to add additional defendants. Plaintiff shall file his Amended Complaint within thirty days of receipt of this Memorandum and Order.

SO ORDERED.

---

JOSEPH F. BIANCO
United States District Judge

Dated: June 16, 2011
Central Islip, New York

\*\*\*

Plaintiff is proceeding *pro se*. Defendant Sposato is represented by Donna A. Napolitano, Liora M. Ben-Sorek, and Peter A. Laserna, Office of the Nassau County Attorney, One West Street, Mineola, New York 11501. Defendants Divine, Kupec, and Okonta are represented by Edward J. Troy, Law Office of Edward J. Troy, 44 Broadway, Greenlawn, NY 11740.