UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

RONALD MOSCHETTO,

          Plaintiff,

          – against –

COUNTY OF NASSAU et al.,

          Defendants.

----------------------------------X

ORDER ADOPTING REPORT
AND RECOMMENDATION
10-CV-1971 (JFB)(AKT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 0 1 2012 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation from Magistrate Judge Tomlinson recommending that the Court dismiss this case because plaintiff has failed to comply with numerous orders and failed to prosecute the case.

*Pro se* plaintiff filed the complaint alleging civil rights violations on April 30, 2010. Judge Tomlinson scheduled an initial conference for December 22, 2010. (Docket Entry 27.) Plaintiff appeared for the conference and was informed by Judge Tomlinson that he had an obligation to respond to Defendant Sheriff Sposato's motion to dismiss and that the deadline to file opposition had passed. (Docket Entry 40.) The plaintiff did not request any additional time to respond to the motion. On June 15, 2011, the undersigned granted the unopposed motion to dismiss and gave the plaintiff 30 days to amend his complaint to add additional defendants. (Docket Entry 46.) Plaintiff did not file an amended complaint by the deadline. Judge Tomlinson set a status conference for September 13, 2011. (Docket Entry 48.) At the status conference, plaintiff indicated that he thought that the undersigned's opinion meant that his case had been dismissed in its entirety and that he did

not know how to amend the complaint. (Docket Entry 51.) Plaintiff informed Judge Tomlinson that he wanted to proceed with his case and wanted to contact the undersigned to discuss his failure to meet the deadline to amend. Judge Tomlinson gave plaintiff until September 22, 2011 to contact the undersigned and informed plaintiff that if the letter to the undersigned was not received by September 22, 2011, his right to seek relief would be deemed waived. Also, at the conference, defendant NUMC Correctional Medical Staff advised the Court that plaintiff had not responded to its interrogatories and Judge Tomlinson directed plaintiff to respond within 21 days. A status conference was scheduled before Judge Tomlinson for October 31, 2011. Defendants counsel was directed to serve a copy of the September 13, 2011 Civil Conference Minute Order on Plaintiff and file proof of service on ECF. Defendants' counsel filed a Certificate of Service on ECF on September 19, 2011. (Docket Entry 52.)

Plaintiff did not appear for the October 31, 2011 status conference before Judge Tomlinson. The case was called at 11:30 a.m. and 12:25 p.m. and plaintiff was not in the Courtroom. Moreover, plaintiff had not complied with the September 22, 2011 date for seeking an extension before the undersigned. In addition, plaintiff had not responded to the defendants' discovery demands. (Docket Entry 53.)

Judge Tomlinson directed plaintiff to appear for a mandatory conference on November 29, 2011 and show cause why the Court should not recommend that the case be dismissed based upon plaintiff's continued failure to prosecute his claims and failure to comply with the Court's Orders regarding attendance at conferences. A copy of the Order was served on plaintiff by Express Mail Overnight Delivery and regular mail. (Docket Entry 54.) Plaintiff did not appear for the November 29, 2011 conference and failed to contact Judge Tomlinson to adjourn or reschedule the conference.

2

The Court has received no objections to the Report and Recomendation.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific, written objection" is made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997).

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant,

whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives. . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge . . . , [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Under the circumstances, all the above-referenced factors favor dismissal of the instant case with prejudice. Plaintiff did not timely file an amended complaint and failed to contact the undersigned to request permission to file a late amended complaint. Moreover, plaintiff has failed to appear for two conferences before Judge Tomlinson. In addition, even though plaintiff was warned that his failure to appear at the November 29, 2011 conference would result in dismissal of the action, plaintiff still failed to appear. Plaintiff has made no contact with Judge Tomlinson or

the undersigned since his appearance before Judge Tomlinson on September 13, 2011. In addition, plaintiff has failed to comply with the defendants' discovery demands after being Ordered to do so by Judge Tomlinson. Thus, he has indicated no intention to continue this lawsuit. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendant of continuing to keep this action open. Moreover, the court needs to clear calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all of the above-referenced factors favor dismissal of the instant case with prejudice. Thus, having conducted a review of the full record and the applicable law, and having reviewed the Report and Recommendation for clear error, the Court adopts the findings and recommendations contained in the Report and Recommendation in their entirety and dismisses the plaintiff's complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.[1] The Clerk of the Court is directed to close the case.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: June 1, 2012
Central Islip, New York

---

[1] Even under a *de novo* standard of review, the Court reaches the same conclusion for the reasons stated herein.

5